| | |
|---|---|
| 1 | MARA E. ROSALES, State Bar No. 104844 |
|   | *mara@rosaleslawpartners.com* |
| 2 | MICHELLE SEXTON, State Bar No. 138536 |
|   | *michelle@rosaleslawpartners.com* |
| 3 | ROBERT D. SANFORD, State Bar No.129790 |
|   | *dusty@rosaleslawpartners.com* |
| 4 | ROSALES LAW PARTNERS LLP |
|   | 433 California Street, Suite 630 |
| 5 | San Francisco, CA 94104 |
|   | Telephone:     (415) 986-4760 |

Attorneys for Defendant and Cross-Claimant
PACIFIC GATEWAY CONCESSIONS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HOCHSTETLER, CIRENA TORRES, | CASE NO. 3:14-CV-04748-TEH |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER CONTINUING INITIAL CASE MANAGEMENT CONFERENCE** |
| vs. | |
| PACIFIC GATEWAY CONCESSIONS LLC, et al., | Date:     June 15, 2015 |
| | Time:     1:30 p.m. |
| Defendants. | Courtroom: 12 |
| PACIFIC GATEWAY CONCESSIONS LLC, et al., | |
| Cross-Claimant, | |
| vs. | |
| POINT SOLUTIONS, LLC | |
| Cross-Defendant. | |

Stipulated Order Continuing CMC                                         Case No. 3:14-cv-04748-TEH

**STIPULATION**

Plaintiffs Rachel Hochstetler and Cirena Torres, Defendant and Cross-Claimant Pacific Gateway Concessions LLC ("PGC"), and Cross-Defendant Point Solutions, LLC ("PS") hereby stipulate as follows:

**Recitals**

1. The Initial Case Management Conference in this action was originally scheduled for February 2, 2015, per the Clerk's Notice Scheduling Case Management Conference on Reassignment (Docket 12), then continued until April 13, 2015 since PS had not yet appeared in the action (Docket 24).

2. On April 1, 2015, the parties participated in a mediation before court-appointed mediator David Bluhm. As a result of the mediation, Plaintiffs and PGC reached a tentative settlement of the class action by agreeing to a settlement fund for putative class members as well as equitable relief. The parties filed a stipulation and proposed order to continue the April 13, 2015 Case Management Conference, to allow Plaintiffs and PGC to discuss payment of attorney fees and costs to Plaintiffs' counsel if counsel is appointed class counsel and payment of an incentive award to the Plaintiffs if they are appointed class representatives, and to allow PGC and PS to continue settlement negotiations begun during the mediation. The Court continued the April 13, 2015 Case Management Conference to June 15, 2015 (Docket No. 29).

3. Plaintiffs and PGC have agreed on a class settlement, and have memorialized all key terms in a written Memorandum of Understanding of Settlement ("MOU") which has been signed by Plaintiffs and PGC.

4. There are a few issues which Plaintiffs and PGC continue to work on. Specifically, Plaintiffs and PGC are working to prepare a long-form settlement agreement, including the Short-Form Notice to the Settlement Class (and the locations within each store where it will be placed), the Full Notice to the Settlement Class and the Claim Form. The MOU requires Plaintiffs and PGC to work together and take all steps necessary and appropriate to effectuate the settlement, and expressly states as follows:

///

"**Cooperation to Effectuate Settlement.**"

The Parties agree to cooperate and take all steps necessary and appropriate to effectuate the settlement. This includes, consistent with the terms of this MOU, the Parties' agreement to work together in good faith to prepare and sign a long-form settlement agreement, including the Short-Form Notice (and the locations within each store where it will be placed), the Full Notice and the Claim Form, all of which are to be submitted to the Court in connection with Plaintiffs' motion for preliminary approval of the settlement. The Parties shall diligently work together to seek preliminary and final court approval of the settlement."

5. The MOU also provides that if Plaintiffs and PGC cannot agree on these few issues, the MOU shall nonetheless be fully enforceable by the Court and the Court shall resolve any such differences:

**"MOU Is Fully Enforceable, and any Disputes Shall Be Decided By Court."**

The Parties agree that this MOU shall be fully enforceable by the court. To the extent that there is any disagreement in preparing a long-form settlement agreement, including the Short-Form Notice (and the locations within each store where it will be placed), the Full Notice and the Claim Form, the Parties agree that the Court shall resolve any such differences and the Court shall look to and use the terms of this MOU in resolving any such differences."

6. Thus, the MOU is a fully enforceable class-wide settlement, subject to the Court's approval.

7. Rule 23(e) of the Federal Rules of Civil Procedure requires the Court's approval of all class action settlements. Accordingly, Plaintiffs will file a motion seeking the Court's preliminary approval of the class settlement in this case.

8. Plaintiffs and PGC continue to work together and they expect that a motion for preliminary approval of the class action settlement will be filed in approximately sixty (60) days.

9. PS is considering filing a motion to sever PGC's cross-claim.

1  10. In the interest of efficient case management and minimizing the burden of the action on the Court's resources, the parties agree that the Case Management Conference should be continued from June 15, 2015 for 75 days in order to permit Plaintiffs to file the motion for preliminary approval of the class action settlement and for PS to possibly file a motion to sever.

**Stipulation**

11. Based on the foregoing recitals, the parties stipulate that the Initial Case Management Conference of June 15, 2015 should be continued for 75 days.

So Stipulated.

Dated: June 8, 2015                    CHANT & COMPANY,
                                        A Professional Law Corporation


                                        By:   */s/   Chant Yedalian*
                                              CHANT YEDALIAN
                                        Attorneys for Plaintiffs
                                        RACHEL HOCHSTETLER and CIRENA TORRES


Dated: June 8, 2015                    ROSALES LAW PARTNERS LLP


                                        By:   */s/   Robert D.  Sanford*
                                              ROBERT D. SANFORD
                                        Attorney for Defendant and Cross-Claimant
                                        PACIFIC GATEWAY CONCESSIONS LLC


Dated: June 8, 2015                    HUDDLESTON & SIPOS LAW GROUP LLP


                                        By:   */s/   Robert A. Huddleston*
                                              ROBERT A. HUDDLESTON
                                        Attorney for Cross- Defendant
                                        POINT SOLUTIONS, LLC

**ORDER**

Pursuant to stipulation, it is so ordered. The Initial Case Management Conference shall occur on ___08/31__, 2015 at 1:30 PM in Courtroom 12 on the 19th floor, United States District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Not less than seven days prior, counsel shall submit a joint case management conference statement, and all other deadlines are continued according to the new date of the Initial Case Management Conference.

Dated: June _10_, 2015

