UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HOCHSTETLER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC GATEWAY CONCESSIONS LLC,<br><br>    Defendant. | Case No. 14-cv-04748-TEH<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING FAIRNESS HEARING** |

On October 5, 2015, Plaintiffs Rachel Hochstetler ("Hochstetler") and Cirena Torres ("Torres"), on behalf of themselves and all others similarly situated, filed a Motion for Preliminary Approval of Class Action Settlement. Docket No. 37. Defendant Pacific Gateway Concessions LLC ("PGC") did not oppose the motion. Docket No. 42. On November 9, 2015, the Court held a hearing to discuss whether the Settlement is fair, reasonable, and adequate, as required under Federal Rule of Civil Procedure 23(e)(2).

At the hearing, the Court ordered the parties to submit, on or before January 11, 2016, supplemental briefing regarding the following aspects of their proposed Settlement: (1) the exclusion of Electronic Goods from the type of goods that may be purchased with the Gift Cards that comprise the $800,000 Settlement Fund; (2) the limitation of one $100 Gift Card per Settlement Class member; (3) Class Notice through only the posting of a Short-Form Notice at each cash register in each of the PGC Included Stores; and (4) the charities selected to receive any residual funds from the Settlement Fund. The parties timely submitted a supplemental response and supporting declaration addressing these four concerns. Docket Nos. 46-49.

After reviewing the Stipulated Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") entered into between the parties, the documents filed in support of Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement, and the parties' supplemental briefing regarding the Court's four concerns, THE COURT

HEREBY ORDERS THE FOLLOWING:[1]

1. The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement.[2] The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate, and reasonable, and therefore comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

2. The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only:

> All consumers who, at any time during the period October 24, 2012 to October 23, 2014, were provided an electronically printed receipt at the point of a sale or transaction at any store operated by PGC or its affiliates listed on Exhibit A to the Agreement ("PGC Included Stores"), on which receipt was printed the expiration date of the consumer's credit card or debit card.

The PGC Included Stores expressly exclude the stores listed on Exhibit B to the Agreement ("PGC Excluded Stores"), as these stores used a different point-of-sale system.

3. The Court finds that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(3) are satisfied and that: (a) the Settlement Class is ascertainable; (b) the members of the Settlement Class are so numerous that joinder is impracticable; (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions; (d) the representative Plaintiffs' claims are typical of the claims of the Settlement Class members; (e) the Class Representatives and Class Counsel have fairly, adequately, reasonably, and competently represented and protected the interests of the Settlement Class throughout the litigation; and (f) a class action is superior to other

---

[1] Capitalized terms in this Order shall have the same meanings as in the Agreement.
[2] There are two exceptions to the Court's approval of the terms as contained in the Agreement, both of which were discussed at the November 9, 2015 hearing and addressed in the parties' supplemental response and declaration. *See infra* paragraphs 5 (discussing the designated recipient of any residual Settlement Funds) and 10 (discussing the addition of Class Notice through posting at the entrance of each PGC Included Store).

available methods for the fair and efficient adjudication of the controversy.

4. PGC will establish a Settlement Fund in the amount of $800,000 of Gift Cards. The Settlement Fund will be divided by the total number of Settlement Class members who submit a valid and timely claim to determine each claiming Settlement Class member's Pro-Rata Share. In the event the Pro-Rata Share is equal to or exceeds $100, each Settlement Class member who submits a valid and timely claim will be mailed a PGC Gift Card in the amount of $100; in the event the Pro-Rata Share is less than $100, each Settlement Class member who submits a valid and timely claim will be mailed a PGC Gift Card in the amount of the Pro-Rata Share. Each Settlement Class member may submit only one claim, regardless of whether they made one or more credit or debit card transactions during the period October 24, 2012 to October 23, 2014.

5. If any residual funds from the Settlement Fund remain after payments are made to the Settlement Class members through the distribution of PGC Gift Cards, any and all such residual funds will be distributed to Consumers Union of the United States.

6. PGC and each of its affiliated entities shall implement a written policy which states that each will not print more than the last five digits of the credit or debit card number or the credit or debit card expiration date upon any printed receipt provided to any customer that uses a credit or debit card to transact business at any of their respective stores.

7. The Court appoints Plaintiffs Hochstetler and Torres as the Class Representatives for the Settlement Class.

8. The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation as Class Counsel for the Settlement Class.

9. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and with the assistance of the Court-appointed mediator, David M. Bluhm, Esq. In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiffs and members of the Settlement

3

Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

10. The Court approves the proposed manner of the notice of Settlement, as set forth in section 12(a) of the Agreement and as augmented in paragraph 3 of the Supplemental Response (Docket No. 46): PGC will post the Short-Form Notice at each cash register and entrance of each PGC Included Store.  The Court also approves the size and contents of the Short-Form Notice, Full Notice, and Claim Form attached as Exhibits D, E, and C, respectively, to the Agreement.

11. The Court finds that the proposed manner of the notice of Settlement set forth in the Agreement, and the Short-Form Notice, Full Notice, and Claim Form which the Court approves of, as set forth in paragraph 10, above, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process.  The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the fairness (final approval) hearing.

12. Settlement Class members will have 180 days from the date Short-Form Notice is first posted at all of the stores on the PGC Included Stores list to submit a claim for compensation from the Settlement Fund.

13. Settlement Class members will have until sixty (60) calendar days after the date Short-Form Notice is first posted by PGC to exclude themselves from the Settlement (the "Opt-Out Deadline").  Settlement Class members may opt out by timely sending a

4

written request to Class Counsel postmarked no later than the Opt-Out Deadline. Class Counsel shall promptly provide a copy of any opt-out request to PGC. Settlement Class members who timely opt out of the Settlement: (a) will not be a part of the Settlement; (b) will have no right to receive any benefits under the Settlement; (c) will not be bound by the terms of the Settlement; and (d) will not have any right to object to the terms of the Settlement or be heard at the fairness hearing.

14. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement. Any such objection must be filed with the Court and also served on Class Counsel and counsel for PGC. To be effective, any such objection must be in writing and include the contents described in paragraph 16 below, and must be filed and served no later than sixty (60) calendar days after the date Short-Form Notice is first posted by PGC, or as the Court otherwise directs. Any objections not raised properly and timely will be waived.

15. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representatives' motion for service (or incentive) award. Such motion shall be filed and posted on the Settlement Website no later than thirty (30) calendar days before the fairness (final approval) hearing. Any objection to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representatives' motion for service (or incentive) award must be filed with the Court and also served on Class Counsel and counsel for PGC. To be effective, any such objection must be in writing and include the contents described in paragraph 16 below, and must be filed and served no later than twenty-one (21) calendar days before the fairness hearing, or as the Court otherwise directs. Any objections not raised properly and timely will be waived.

16. To be effective, any objection described in paragraph 14 or paragraph 15 above must contain all of the following information:

A. A reference at the beginning to this case, *Hochstetler, et al. v. Pacific Gateway Concessions LLC, et al.*, No. 3:14-cv-04748-TEH;

B. The objector's full name, address, and telephone number;

C. A written statement of all grounds for the objection, accompanied by any legal support for such objection;

D. Copies of any papers, briefs, or other documents upon which the objection is based;

E. A list of all persons who will be called to testify in support of the objection; and

F. A statement of whether the objector intends to appear at the fairness hearing. If the objector intends to appear at the fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing.

17. Settlement Class members may ask the Court for permission to speak at the fairness (final approval) hearing. The Court will consider such a request from a Settlement Class member only if such a member timely files and serves a letter which states that it is the Settlement Class member's "Notice of Intention to Appear in *Hochstetler, et al. v. Pacific Gateway Concessions LLC, et al.*, No. 3:14-cv-04748-THE" and includes the Settlement Class member's name, current address, telephone number, and signature. To be timely, a Notice of Intention to Appear must be postmarked no later than twenty-one (21) calendar days before the fairness hearing. Any Notice of Intention to Appear must be sent by mail to the Clerk of the Court, Class Counsel, and PGC's Counsel. Any Settlement Class member who fails to make a timely written Notice of Intention to Appear shall be foreclosed from speaking at the fairness hearing, unless otherwise ordered by the Court.

18. The Court will hold a fairness (final approval) hearing on June 6, 2016, at 10:00 a.m., to consider the fairness, reasonableness, and adequacy of the proposed Settlement as well as the award of attorney's fees and costs to Class Counsel and service (or incentive) awards to the Class Representatives. The Court reserves the right to adjourn

or continue the fairness (final approval) hearing without further notice to the Settlement Class members.

**IT IS SO ORDERED.**

Dated:   02/02/16

_____
THELTON E. HENDERSON
United States District Judge