UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HOCHSTETLER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC GATEWAY CONCESSIONS LLC,<br><br>    Defendant. | Case No. 14-cv-04748-TEH<br><br>**ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FOR AWARD OF ATTORNEY'S FEES AND COSTS, AND FOR INCENTIVE PAYMENTS; JUDGMENT** |

On October 5, 2015, Plaintiffs Rachel Hochstetler ("Hochstetler") and Cirena Torres ("Torres"), on behalf of themselves and all others similarly situated, filed a Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 37. Attached as Exhibit 1 to the Motion for Preliminary Approval was the Parties' Stipulated Settlement Agreement and Release ("Settlement" or "Agreement").[1] Defendant Pacific Gateway Concessions LLC ("PGC") did not oppose the motion. Dkt. No. 42.

On November 9, 2015, the Court held a hearing to discuss whether the Settlement is fair, reasonable, and adequate, as required under Federal Rule of Civil Procedure ("Rule") 23(e)(2). At the hearing, the Court ordered the parties to submit, on or before January 11, 2016, supplemental briefing regarding the following aspects of their proposed Settlement: (1) the exclusion of Electronic Goods from the type of goods that may be purchased with the Gift Cards that comprise the $800,000 Settlement Fund; (2) the limitation of one $100 Gift Card per Settlement Class member; (3) Class Notice through only the posting of a Short-Form Notice at each cash register in each of the PGC Included Stores; and (4) the charities selected to receive any residual funds from the Settlement Fund. The parties timely submitted a supplemental response, supporting declaration, and notices addressing these four concerns. Dkt. Nos. 46-49.

---

[1] Capitalized terms in this Order shall have the same meaning as in the Agreement, unless indicated otherwise.

On February 2, 2016, the Court entered an Order granting preliminary approval of the Settlement, as partially modified by Dkt. Nos. 46-49. Dkt. No. 50. As part of the same Order, the Court approved a plan of notice to be directed to Settlement Class members and set deadlines by which Settlement Class members were to opt-out, object, or request to be heard at the final approval hearing. Dkt. No. 50, ¶¶ 10-17.

On May 6, 2016, Hochstetler and Torres, on behalf of themselves and on behalf of the Settlement Class, filed a Motion for Final Approval of Class Action Settlement. Dkt. No. 51. Also on May 6, 2016, Hochstetler, Torres, and Class Counsel filed a Motion for Award of Attorney's Fees and Costs to Class Counsel and Incentive Payments to the Class Representatives. Dkt. No. 54. On June 6, 2016, the Court conducted a fairness (final approval) hearing. Dkt. No. 56.

Having carefully considered all submissions and arguments presented, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The Court GRANTS final approval of the proposed Settlement upon the terms and conditions set forth in the Agreement (as partially modified by the Parties' supplemental agreement (Dkt. Nos. 46-49) and the Court's Order granting preliminary approval thereof (Dkt. No. 50)).

2. The Court finds that the terms of the proposed Settlement are fair, adequate, and reasonable and comply with Rule 23(e).

3. The Court orders that the following Settlement Class is certified for settlement purposes only:

> All consumers who, at any time during the period October 24, 2012 to October 23, 2014, were provided an electronically printed receipt at the point-of-sale or transaction at any store operated by PGC or its affiliates listed on Exhibit A to the Agreement ("PGC Included Stores"), on which receipt was printed the expiration date of the consumer's credit card or debit card.

The PGC Included Stores expressly exclude the stores listed on Exhibit B to the Agreement ("PGC Excluded Stores"), as these stores used a different point-of-sale system.

1  4. The Court finds that, for settlement purposes only, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for settlement purposes only, the requirements of Rule 23(a) and 23(b)(3) are satisfied and that: (a) the Settlement Class is ascertainable; (b) the members of the Settlement Class are so numerous that joinder is impracticable; (c) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (d) the Class Representatives' claims are typical of the claims of the Settlement Class; (e) the Class Representatives and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court hereby APPOINTS plaintiffs Hochstetler and Torres as the Class Representatives for the Settlement Class.

6. The Court hereby APPOINTS attorney Chant Yedalian of Chant & Company A Professional Law Corporation as Class Counsel for the Settlement Class.

7. The Court finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and with the assistance of the Court-appointed mediator David M. Bluhm, Esq. In making these findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiffs and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court finds that the notice that has been provided to Settlement Class, as well as the means by which it was provided, including the Short-Form Notice, Full Notice,

1  and Claim Form, attached as Exhibits D, E, and C, respectively, to the Agreement, all of
2  which the Court previously approved, constitutes the best notice practicable under the
3  circumstances and is in full compliance with the United States Constitution, the
4  requirements of due process, and Rule 23.  The Court further finds that such notice fully
5  and accurately informed Settlement Class members of all material elements of the lawsuit
6  and proposed class action Settlement, of each member's right to be excluded from the
7  Settlement, and each member's right and opportunity to object to the Settlement and be
8  heard at the fairness (final approval) hearing.

9.  The Court finds that the manner and content of the notice of Settlement was in conformity with this Court's previous Orders.

10.  The Court finds that zero Settlement Class members timely requested exclusion from the Settlement.

11.  The Court finds that zero Settlement Class members timely objected to the Settlement.

12.  The Court finds that zero Settlement Class members timely requested to appear or be heard at the final approval hearing.

13.  All Settlement Class members who did not timely exclude themselves from the Settlement are bound by the Agreement, including the releases contained in paragraphs 16 and 17 of the Agreement.

14.  The Court hereby directs the Parties to effectuate all terms of the Settlement and the Agreement.

15.  The Court finds that $200,000 in fees and costs to Class Counsel is reasonable under both the percentage of the total settlement approach and, alternatively, based upon Class Counsel's lodestar.  The Court finds that the $550 hourly rate of Class Counsel Chant Yedalian is reasonable based upon his qualifications, skills, and experience.

16.  The Court hereby APPROVES Class Counsel's request for an award of $200,000 in reasonable attorney's fees and costs to Class Counsel Chant Yedalian of Chant & Company A Professional Law Corporation.  Defendant PGC shall make payment of this

4

1  award to Class Counsel pursuant to the terms of the Agreement.

2      17.    The Court hereby APPROVES Plaintiffs' request for awards of $5,000 each
3  to the Class Representatives, Hochstetler and Torres, as an incentive (service) award to
4  compensate them for their service as the representatives of the Settlement Class.
5  Defendant PGC shall make payment of these awards to the Class Representatives pursuant
6  to the terms of the Agreement.

7      18.    If any residual funds from the Settlement Fund remain after payments are
8  made to the Settlement Class members through the distribution of PGC Gift Cards, any
9  and all such residual funds will be distributed to Consumers Union of the United States.

10      19.    Each of the Parties is to bear its own fees and costs except as expressly
11  provided in the Agreement or in this Order.

12      20.    The Court hereby DISMISSES the Action WITH PREJUDICE in
13  accordance with the terms of the Agreement; however, the Court shall retain continuing
14  jurisdiction to interpret, implement, and enforce the Settlement, and all orders and
15  judgment entered in connection therewith.

16      21.    The Court directs the Clerk of the Court to enter this Order as a judgment
17  (subject to the terms of paragraphs 19-20, above).

**IT IS SO ORDERED.**

Dated: 06/07/16

_____
THELTON E. HENDERSON
United States District Judge