| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

RACHEL HOCHSTETLER, et al.,

  Plaintiffs,

  v.

PACIFIC GATEWAY CONCESSIONS LLC,

  Defendant.

Case No. 14-cv-04748-TEH

**ORDER RE: *CY PRES* RECIPIENT LETTER DATED MAY 4, 2017**

In June 2016, the Court granted the Parties' Motions for Final Approval of Class Action Settlement ("Settlement"). ECF No. 57. This Settlement required Defendant Pacific Gateway Concessions ("PGC") to distribute any residual funds from the Settlement Fund to the *cy pres* recipient, Consumers Union, in the form of PGC Gift Cards. *Id.* ¶18. The Court explicitly "retain[ed] continuing jurisdiction to interpret, implement and enforce the Settlement, and all orders and judgment entered in connection therewith. *Id* ¶20.

Pursuant to the Settlement, Consumers Union received a *cy pres* distribution of $793,000 in the form of 7,993 gift cards worth $100 each. On March 17, 2017, the Court received a letter from Consumers Union alleging that upon calling the twenty-nine stores listed in the class action settlement ("Included Stores"), several of them stated they would not accept the gift cards. Consequently, the Court issued an Order on April 5, 2017 directing Defendant to submit a declaration attesting to PGC's efforts in ensuring the "full[] and complete[]" resolution of this problem. ECF No. 60. In response, Defendant filed three declarations, including one from PGC's Information Technology Manager and one from PGC's President and Chief Executive officer, affirming that PGC had taken several steps to resolve the problem including, holding a conference call with general managers, posting PGC's written policy regarding the use of Gift Cards at Included Stores, and establishing a toll-free number that PGC employees can call to address questions or concerns regarding Gift Cards. ECF Nos. 61–63.

Despite the recent declarations from PGC, the Court is now in receipt of another letter from Consumers Union dated May 4, 2017 stating that it recently called all of the Included Stores only to be told by several of them that they do not accept the gift cards or that the gift cards are only good for one transaction. ECF No. 65. The Court is deeply troubled and agitated to discover that the problem has not been "fully and completely resolved," as represented by PGC in its most recent declarations. Accordingly, Defendant is hereby ORDERED to file with the Court a full and complete explanation as to what actions it will take to finalize the resolution of this matter. The declaration shall be submitted no later than **10 calendar days** from date of this Order. Failure to submit the declaration or to address the problem may result in the setting aside of the Class Action Settlement.

**IT IS SO ORDERED.**

Dated: 5/16/17  _____
THELTON E. HENDERSON
United States District Judge