UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HOCHSTETLER, et al., <br>    Plaintiffs, <br>  v. <br> PACIFIC GATEWAY CONCESSIONS LLC, <br>    Defendant. | Case No. 14-cv-04748-TEH <br><br> **ORDER AMENDING SETTLEMENT AGREEMENT RE: CY PRES RECIPIENT** |

On June 7, 2016, the Court granted the parties' motions for Final Approval of Class Action Settlement, for Award of Attorney's Fees and Costs, and for Incentive Payments. ECF No. 57. In granting the motions, the Court ordered: "[i]f any residual funds from the Settlement Fund remain after payments are made to the settlement Class members through the distribution of [Pacific Gateway Concession ("PGC")] Gift Cards, any and all such residual funds will be distributed to Consumers Union of the United States." Id. ¶ 18. The parties' Joint Settlement Agreement ("Settlement Agreement") clarifies that all residual funds are to be paid "in the form of PGC Gift Cards." ECF No. 37-1 at 3. Additionally, the Court "retain[ed] continuing jurisdiction to interpret, implement, and enforce the Settlement, and all orders and judgment entered in connection therewith." Id. ¶ 20. Pursuant to the Settlement Agreement, seven gift cards were distributed to class members with valid claims and Consumers Union received a cy pres distribution of $793,000 in the form of 7,993 gift cards worth $100 each. *See* ECF No. 59.

In March 2017, the Court received the first of several letters from Consumers Union reporting problems with the redemption of the gift cards. *See* ECF No. 58. In particular, Consumers Union called the twenty-nine PGC stores listed in the class action settlement only to find out that most stores would not accept the gift cards. *Id.* Consequently, the Court issued an Order on April 5, 2017 directing PGC to submit a declaration attesting to

PGC's efforts in ensuring the full and complete resolution of this problem. ECF No. 60. In response, Defendant filed three declarations affirming that PGC had taken several steps to resolve the problem, including holding a conference call with general managers, posting PGC's written policy regarding the use of Gift Cards at Included Stores, and establishing a toll-free number for the purpose of addressing questions or concerns regarding PGC's gift cards. ECF Nos. 61–63. Despite these efforts, the problem was not remedied, which prompted another letter from Consumers Union alleging the same problem. *See* ECF No. 65. Again, the Court ordered PGC to resolve the problem. *See* ECF No. 67. PGC responded by "obtain[ing] written acknowledgements from every store clerk at all Included Stores that the clerks understand and will abide by the gift card policy." *See* ECF No. 69, ¶ 3. Shortly thereafter, Consumers Union asserted the cy pres award from the Settlement Agreement "provide[d] little value to consumers" and that despite PGC's efforts to address prior difficulties with the gift cards redeemability, "the settlement award is fundamentally flawed." ECF No. 73. Thus, Consumers Union stated it could not participate in the cy pres award in its current form while conceding it lacked standing in the case. *Id.* The Court scheduled a status conference for July 24, 2017, asking the parties to come prepared to "address how the Court can properly enforce the Settlement Agreement's cy pres award and what changes to the cy pres award, if any, are needed." ECF No. 74.

At the status conference, the Parties proposed substituting Legal Assistance for Seniors[1] in the place of Consumers Union as the cy pres recipient. *See* ECF No. 79. However, in light of a potential solution proposed by PGC's counsel involving the

---

[1] Legal Assistance for Seniors is a non-profit organization headquartered in Oakland, California that protects the legal rights of seniors by providing litigation representation for seniors who are victims of financial elder abuse, providing advocacy services on behalf of seniors regarding financial and consumer matters, and providing counseling and community education services to seniors to protect them from potential consumer fraud and identify theft. ECF No. 82. In light of the fact that the Ninth Circuit has determined that the Fair and Accurate Credit Transactions Act was enacted "[i]n an effort to combat identify theft," *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010), the Court finds this organization is an appropriate cy pres beneficiary under *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011).

1 redemption of the gift cards at PGC's warehouse, *see* ECF No. 80, the Court ordered the
2 parties to meet and confer to attempt to resolve their dispute regarding the cy pres award.
3 *See* ECF No. 81. At the most recent status conference on July 31, 2017, *see* ECF No. 83,
4 the Court was informed that the parties were at an impasse. During the conference,
5 Consumers Union unambiguously conveyed it did not want any part of the cy pres award
6 in its current form of gift cards, but would like to receive a cash award instead. *Id.* While
7 the Court is cognizant of the downsides to gift card settlements, especially for an
8 organization like Consumers Union, the Court has no authority to rewrite the parties'
9 Settlement Agreement. *San Francisco NAACP v. San Francisco Unified School Dist.*, 59
10 F. Supp. 2d 1021, 1037 (N.D. Cal. 1999) ("[The] Court cannot rewrite the settlement
11 agreement. It cannot delete, modify, or substitute certain provisions in favor of provisions
12 that the Court would prefer.") (citation omitted). This is especially true where the Court
13 has previously approved the Settlement Agreement and where the parties have acted in
14 reliance on it. Thus, while the Court is left with misgivings as to the format of the cy pres
15 award, the Court is left with no choice but to adopt the parties' agreement to substitute
16 Legal Assistance for Seniors as the cy pres recipient. Accordingly, it is HEREBY
17 ORDERED that Consumers Union be replaced by Legal Assistance for Seniors as the cy
18 pres recipient in the parties' Settlement Agreement. PGC is instructed to coordinate with
19 Consumers Union to obtain the gift cards and to deliver them to Legal Assistance for
20 Seniors no later than August 15, 2017.

**IT IS SO ORDERED.**

Dated: 8/1/2017 _____
THELTON E. HENDERSON
United States District Judge